# CECILIO GARCIA Y DAVILA
### v.
# AMERICAN RAILROAD COMPANY.

INJURY TO TRESPASSER—DEGREE OF CARE REQUIRED OF ONE IN DANGER—
MEASURE OF DAMAGES.

1. Employees of a railway company have no right wantonly or wilfully to injure a trespasser on the company's cars or track.

2. A person negligently placed in a dangerous position by another is bound only to exercise such care as a reasonable man would be likely to exercise under such circumstances.

3. One injured by doing an act in attempting to escape from a dangerous position can recover against a person who negligently placed him in that position, even if the act was possibly not necessary, but was, under the circumstances, reasonable.

4. It is negligence for an employee of a railway company to compel a person to jump from a moving car.

5. The jury may, in a case like this one, take into consideration age, condition of health, and earning capacity of plaintiff in fixing the measure of damages.

January 26, 1904.

*Railroads personal injuries.* The authorities dealing with various phases of the liability of a railroad company for injuries to persons on its tracks are fully presented and discussed in the following editorial notes: *Care required of railroad companies to prevent injuring small children upon the track,* note to Bottoms v. Seaboard & R. R. Co. 25 L. R. A. 784; *Duty to maintain lookout on railroad trains,* note to Smith v. Norfolk & S. R. Co. 25 L. R. A. 287; *For whose benefit signals by approaching trains are required by statute at public crossings,* note to Lonergan v. Illinois C. R. Co. 17 L. R. A. 254; *Giving the statutory signals as the measure of trainmen's duty at highway crossings,* note to New York, L. E. & W. R. Co. v. Leamon, 15 L. R. A. 426; *Liability for failure to give statutory signals when they would not have prevented the injury,* note to Sowles v. Moore, 21 L. R. A. 723; *Negligence of railroad company in respect to flying switches or detached cars moving by their own momentum,* note to Kentucky C. R. Co. v. Smith, 18 L. R. A. 63.

*Messrs. Horton & Cornwell* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HOLT, Judge, gave the following charge to the jury:

Gentlemen of the Jury:—The plaintiff's claim and his theory of the case are that, being on a car of the defendant, which was in motion, he was compelled, by menaces, threats, and gestures of one of its employees, to get off while it was in motion; that in getting off he was injured, and by reason of that injury lost his leg. For that he claims damages in the sum of $10,000.

The theory of the other side is that he was not a passenger; that it was not a passenger train, but a freight, and that he was doing what is commonly known as stealing a ride. It claims that he was on the car, and, being directed by the agent of the company to get off, that he did so and afterwards attempted to get on; that he was being assisted by some other party on the car; and that in attempting to do it he fell and was injured by the train. There is evidence supporting each contention.

The liability or the nonliability depends upon the manner in which the injury was caused. There is no doubt from the testimony but that this plaintiff was injured by the car. How the injury came about is the contention.

It is unfortunate that all men do not always adhere to the truth. That is a virtue in a man's character that we cannot overestimate. It makes the man. A writer, who perhaps understood human nature better than any other, has said that without truth men are but as moulded bricks or painted clay, and that is true. There is a very great mistake by somebody in this case. These two theories are totally at variance. You are to determine from all the testimony in the case and by the circumstances how it occurred.

Garcia y Davila v. American R. Co.

As a matter of law, although the plaintiff was what might be termed a trespasser upon the car of the defendant company, yet, being there, the company had no right to injure him wantonly and wilfully. For instance, a railroad company has the right of way in the country upon its track. It is not bound to be looking out for trespassers in the country, and if a man is upon the track there he is a trespasser. But, although he be a trespasser, if the engineer or the conductor sees the man upon the track he has no right to run over him and kill him. In other words, the company must not wantonly and wilfully inflict the injury, although he had no right there. Although this man had no right to be there, yet the company had no right to wantonly bring about his injury.

In addition, I may say that a man when placed in a dangerous position by the negligence of another party is only required to use that care which a reasonable man would use under those particular circumstances. In other words, if by my negligence I place one in a dangerous position, and he, excited at the time, as a reasonable man would be, commits some act, and some injury occurs to him, I am responsible, although if he had remained quiet he might not have been injured at all. For instance, if a man pulls out a revolver and fires several shots here in the room, and a man becomes frightened and jumps out of the window and breaks his leg, even though he might not have been hit if he had remained in the room, yet the act of that person has brought about that injury; his act is the proximate cause of it, and that man, who thought he was in a dangerous position, is not bound to exercise the care and prudence which a man under ordinary circumstances would exercise, but only that care and prudence which a reasonable man would exercise under those existing circumstances.

If you believe from the testimony that this plaintiff was on

Garcia y Davila v. American R. Co.

the cane car, and that he was compelled while the car was in motion, by an employee of the company, to get off, and in doing so he was injured, the company would be responsible for it, because the company would have no right to compel him to jump from a moving car and without first stopping the train.

You are to judge of the care which the plaintiff ought to have used under the existing circumstances. If he had reasonable grounds for believing that he was in danger from an employee of the company, and that he had to get off on that account, then he was only required to use the care in doing so that a reasonable man would use under existing circumstances.

The testimony tends to show that the plaintiff was twenty-four years old, that he was in good health, and that he was earning 75 cents a day; and if you find that the defendant was guilty of wantonly injuring him, then you would find for him such sum as you believe will reasonably compensate him for the injury not exceeding, however, $10,000; and in arriving at it you may consider his age, health, and ability to earn money.

Upon the other hand, if you believe from the testimony that this man was trying to get upon this car when it was in motion, when he had no right to go there, and by reason of that effort upon his part he fell under the car and was injured, he cannot recover. In that event his own act was the direct cause of the injury. You must reconcile the evidence in this case, and come to a conclusion as to the real facts from all the testimony. It tends to show that this plaintiff was anxious to get to some place to go to work. It is for you to judge how far that would induce him to board the car.

You judge of the credibility of the witnesses; and without being carried away by any sympathy or prejudice, but upon the testimony alone, you are to determine whether this plaintiff ought to recover any amount in damages, and, if so, what amount.